# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY A. ROYER, <br><br> Defendant. | Civil Action No. 2:24-cv-12714 <br><br><br> **PLAINTIFF'S *EX PARTE* MOTION TO TEMPORARILY SEAL ENTIRE DOCKET AND INCORPORATED MEMORANDUM IN SUPPORT** |

## MOTION

Plaintiff Commodity Futures Trading Commission ("Commission") respectfully submits this *Ex Parte* Motion to Temporarily Seal the Entire Docket and Incorporated Memorandum in Support in this matter pursuant to 5.3(b) and 7 U.S.C. § 13a-1, and requests that this Court issue an order to seal the entire docket and case file in this matter for the shorter of (1) seventy-two (72) hours (excluding weekends); or (2) when counsel for the Commission informs the Clerk of Court that the seal is no longer necessary. This will allow the Commission to (1) obtain a Statutory Restraining Order freezing Defendant's assets, prohibiting destruction of records, and authorizing the Commission's immediate inspection of such records and (2) serve relevant financial institutions with the Court's Statutory Restraining

Order to effectuate the asset freeze, without notice to Defendant. Avoiding notice will minimize dissipation of assets and destruction of relevant records. The limited duration of the requested seal is narrowly tailored to the Commission's interests as balanced against the public's interest in access to court records.

In support of this Motion, the Commission respectfully submits the Memorandum of law commencing on the following page.

## MEMORANDUM OF LAW

### I. FACTUAL BACKGROUND

From at least 2019 through the present (the "Relevant Period"), Jeffrey Royer ("Defendant") engaged, and continues to engage, in a fraudulent scheme through which Defendant individually solicited and accepted over $1 million from at least 24 individuals ("pool participants") to invest in a commodity pool operated by Defendant ("commodity pool"). The purported purpose of the commodity pool was to trade in foreign currency pairs on a leveraged, margined, or financed basis. While acting as an unregistered commodity pool operator, Defendant made material misrepresentations to pool participants about, among other things, profit potential, lack of risk, and how the funds would be used. In addition, Defendant made material omissions including, but not limited to, his prior criminal conviction for securities fraud.

Rather than use the funds as promised to pool participants, Defendant misappropriated the funds by either using them for his own personal use, or using deposits of one customer to pay another, in a manner akin to a Ponzi scheme. To perpetuate his fraud, Defendant sent pool participants falsified account documents purporting to represent profits from Defendant's "successful" trading. In addition, Defendant comingled pool participant funds with his own, accepted money into his personal bank accounts, and failed to operate the pool as a separate cognizable entity.

The *Ex Parte* Motion for Statutory Restraining Order, and Other Equitable Relief and Memorandum of Points and Authorities in Support Thereof ("SRO Motion") and the Complaint for Injunctive Relief, Civil Monetary Penalties, Restitution, and Other Equitable Relief ("Complaint"), filed contemporaneously herewith, provide additional detail regarding the fraudulent scheme and disposition of pool participants' funds.

## II.   DOCUMENTS SOUGHT TO BE TEMPORARILY SEALED

The Commission seeks to seal the entire docket and case file in this matter, including, but not limited to this Request and the following documents filed concurrently herewith, as well as any other documents the Commission subsequently files or which become part of the case file prior to the expiration of the seal, including:

- Civil Cover Sheet;

- Complaint for Injunctive Relief, Civil Monetary Penalties, Restitution and Other Equitable Relief;

- *Ex Parte* Motion for Statutory Restraining Order, and Other Equitable Relief and Memorandum of Points and Authorities in Support Thereof

- [Proposed] Order Granting Plaintiff's *Ex Parte* Motion for a Statutory Restraining Order, and Other Equitable Relief;

- [Proposed] Order Granting Plaintiff's *Ex Parte* Motion to Temporarily Seal Entire Docket and Incorporated Memorandum in Support

- Summons

### III. LEGAL AUTHORITY FOR SEALING

The Court may, in its discretion, seal documents if its decision is necessitated by a compelling government interest and the seal is narrowly tailored to that interest. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–608 (1978) (stating that compelling reasons justifying the sealing of court documents exist when such documents might "become a vehicle for improper purposes"). The Sixth Circuit has emphasized the importance of the public's right to access court records and the conduct giving rise to the case, underscoring that sealing should only occur for compelling reasons and must be narrowly tailored. *Rudd Equipment Company, Inc. v. John Deere Construction & Forestry Company*, 834 F.3d 589

(2016). This approach is consistent across various cases, where the courts have held that the party seeking to seal documents must demonstrate why their reasons outweigh the public interest in access and ensure that the seal is as narrow as possible. Specific findings and conclusions justifying nondisclosure are required when sealing court records. *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (2016), *In re National Prescription Opiate Litigation*, 927 F.3d 919 (2019), *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 499 F.Supp.3d 505 (2020). *See also, Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1214–19 (9th Cir. 1989) (finding that governmental interest in not tipping off suspects justifies pre-service sealing of search warrant materials); *see also United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (noting that "a court, in its discretion, may seal documents 'if the public's right of access is outweighed by competing interests'"). In granting a motion to seal, a court must "base its decision on a compelling reason and articulate the factual basis for its ruling[.]" *Kamakana*, 447 F.3d at 1179.

The temporary seal sought here is justified. The Commission has not given Defendant notice of this lawsuit. Absent the requested temporary seal, Defendant will have the opportunity to hinder the Court's consideration of this case and potentially render ineffective any relief this Court may enter as part of the ultimate

disposition of this matter. For example, if Defendant receives advance notice of the *ex parte* Statutory Restraining Order, he will be able to: (1) conceal, dissipate, or transfer assets in order to avoid a restitution, disgorgement, and/or civil monetary penalty order; and (2) conceal, destroy, or alter business records. Providing the public or Defendant with notice of these filings would potentially defeat their very purpose: safeguarding against the dissipation of assets and the destruction of documents. Therefore, there is no reasonable alternative to the seal of brief duration sought herein. Accordingly, the Commission respectfully requests that the entire docket and case file, including but not limited to pleadings, motions, memoranda, exhibits, proposed orders, and orders, be sealed **temporarily**.

The [Proposed] Order Granting Plaintiff's *Ex Parte* Motion to Temporarily Seal Entire Docket and Incorporated Memorandum in Support ("Proposed Sealing Order") provides that the proposed seal expires automatically upon the earlier of (1) seventy-two (72) hours (excluding weekends) following issuance of the requested *ex parte* Statutory Restraining Order or (2) when counsel for the Commission informs the Clerk of Court that the seal is no longer necessary. As such, the Commission's *ex parte* request for a seal is of brief duration and narrowly tailored to its interests as balanced against those of the public. In addition, the Proposed Sealing Order provides that if the Court grants the SRO Motion, the

sealing of the record and case file as requested shall not affect the ability of the Commission to notify financial institutions and other entities or persons who hold or have held, control or have controlled, or maintain or have maintained custody of any of Defendant's assets or documents pursuant to the [Proposed] Order Granting Plaintiff's *Ex Parte* Motion for a Statutory Restraining Order and Other Equitable Relief ("Proposed SRO").

    Courts have granted similar Commission requests to temporarily seal in similar circumstances.  *See, e.g.*, *CFTC v. Financial Tree*, No. 2:20-CV-01184-TLN-AC (E.D. Cal. Jun. 17, 2020) (Order Granting Motion to Seal); *CFTC v. Allensworth*, No. 2:17-CV-07102-CBM (JPRx) (C.D. Cal. Oct. 2, 2017) (Order Granting Plaintiff's *Ex Parte* Motion to Temporarily Seal Docket and Case File); *CFTC v. Pishon Holding LLC*, No. 17-CV-00847 (W.D. Wash. June 1, 2017) (Order Sealing Docket and File).

## IV. PROPOSED DURATION OF THE SEAL

    The Commission requests that the docket and case file be sealed until the earlier of (1) seventy-two (72) hours (excluding weekends) following issuance of the requested *ex parte* Statutory Restraining Order or (2) when counsel for the Commission informs the Clerk of Court that the seal is no longer necessary.

## V. IDENTITY OF PERSONS TO BE PERMITTED ACCESS TO THE DOCUMENTS

For the duration of the seal, only the following persons will be permitted access to the sealed documents:  (1) Court personnel (all documents); (2) Commission personnel (all documents); and (3) personnel at financial institutions and other entities or persons who hold or have held, control or have controlled, or maintain or have maintained custody of any of Defendant's assets or documents (Proposed SRO only).

## VI.   BASIS FOR EXCLUDING DEFENDANT FROM SERVICE

As set forth above, to avoid dissipation of assets and destruction of records that may arise from Defendant's knowledge of the Complaint and the relief requested, the Commission has not yet served any documents on Defendant.

## VII.  CONCLUSION

The scope of the Commission's requested seal is narrowly tailored and recognizes the general rule that records of this Court are presumptively open to the public.  For good cause shown, the Commission respectfully requests that the docket and case file for this matter, including but not limited to pleadings, motions, memoranda, exhibits, proposed orders, and orders, as detailed herein, be sealed until the earlier of (1) seventy-two (72) hours (excluding weekends) following issuance of the Proposed SRO or (2) when counsel for the Commission informs the Clerk of Court that the seal is no longer necessary.

Date: October 15, 2024　　　　　　　　Respectfully Submitted,
　　　　　　　　　　　　　　　　　　　By:/s/ James H. Holl, III

　　　　　　　　　　　　　　　　　　　James H. Holl, III
　　　　　　　　　　　　　　　　　　　Chief Trial Attorney
　　　　　　　　　　　　　　　　　　　D.C. Bar No. 453473
　　　　　　　　　　　　　　　　　　　202-418-5311
　　　　　　　　　　　　　　　　　　　jholl@cftc.gov

　　　　　　　　　　　　　　　　　　　Kelly M. Folks
　　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　　VA Bar No. 72124
　　　　　　　　　　　　　　　　　　　202-418-5377
　　　　　　　　　　　　　　　　　　　kfolks@cftc.gov

　　　　　　　　　　　　　　　　　　　Cara A. Gardner
　　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　　D.C. Bar No. 1003793
　　　　　　　　　　　　　　　　　　　202-418-5579
　　　　　　　　　　　　　　　　　　　cgardner@cftc.gov


　　　　　　　　　　　　　　　　　　　Commodity Futures Trading Commission
　　　　　　　　　　　　　　　　　　　　Division of Enforcement
　　　　　　　　　　　　　　　　　　　1155 21st Street, NW,
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20581
　　　　　　　　　　　　　　　　　　　Telephone: (202) 418-5000
　　　　　　　　　　　　　　　　　　　Fax: (202) 418-5531

　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*


　　　　　　　　　　　　　　　　　　Counsel to Receive Notice

　　　　　　　　　　　　　　　　　　Kevin Erskine
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　Civil Division Chief
　　　　　　　　　　　　　　　　　　Office of the United States Attorney
　　　　　　　　　　　　　　　　　　Eastern District of Michigan

        211 West Fort Street
        Suite 2001
        Detroit, Michigan 48226
        kevin.erskine@usdoj.gov
        (313) 226-9100