# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY A. ROYER,<br><br>Defendant. | Civil Action No.<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF COMMODITY FUTURES TRADING COMMISSION'S *EX PARTE* MOTION TO TEMPORARILY SEAL ENTIRE DOCKET AND INCORPORATED MEMORANDUM IN SUPPORT** |

Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive Relief, Civil Monetary Penalties, Restitution, and Other Equitable Relief under the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1–26, and Commission Regulations, 17 C.F.R. p. 1–190 (2023), against Defendant Jeffrey Royer.  The Commission has also filed an *Ex Parte* Motion for a Statutory Restraining Order and Other Equitable Relief and Memorandum of Points and Authorities in Support Thereof ("SRO Motion").  In addition, pursuant to Local Rule 5.3(b), the Commission filed an *Ex Parte* Motion to Temporarily Seal Entire Docket and Incorporated Memorandum in Support ("Request to Seal").

The Court has considered the pleadings, declarations, exhibits, and memorandums filed in support of the SRO Motion and Request to Seal.  Based upon the entire record, the Court finds that:

1. This Court has jurisdiction over the parties and over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1345 and 7 U.S.C. § 13a-1;

2. Venue lies properly within this District pursuant to 7 U.S.C. § 13a-1(e);

3. 7 U.S.C. § 13a-1 authorizes *ex parte* relief;

4. In light of the Commission's showing that Defendant orchestrated a fraudulent scheme to solicit and misappropriate money from at least 24 individuals, and that notice to the Defendant at this time would frustrate the emergency relief the Commission seeks by providing an incentive and opportunity to Defendant to dissipate assets and/or destroy records before the CFTC obtains and serves the [Proposed] Order Granting Plaintiff's Motion For An *Ex Parte* Statutory Restraining Order and Other Equitable Relief ("Proposed SRO"), this is a proper case for granting the relief sought in the Request to Seal to enable the Commission to fulfill its statutory duties;

5. The Commission's Request to Seal is of brief duration and thus narrowly tailored to its interests as balanced against those of the public.

**THEREFORE**, for good cause shown:

**IT IS HEREBY ORDERED** that the Request to Seal is **GRANTED** and that the docket and case file in this matter, including, but not limited to, pleadings, motions, memoranda, exhibits, proposed orders, and orders, be sealed until the earlier of: (1) seventy-two (72) hours (excluding weekends) following issuance of

the requested *ex parte* Statutory Restraining Order; or (2) when counsel for the Commission informs the Clerk of Court that the seal is no longer necessary.

In addition, the sealing of the record and case file, as set forth herein, shall not affect the ability of the Commission to notify financial institutions and other entities or persons who hold or have held, control or have controlled, or maintain or have maintained custody of any of Defendant's assets of the issuance and terms of the Proposed SRO.

**IT SO ORDERED, at _____, Michigan on this _____ day of October, 2024, at _____ \_\_.m.**

_____
UNITED STATES DISTRICT JUDGE