UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

COMMODITY FUTURES TRADING
COMMISSION,

        Plaintiff,

v.

JEFFREY A. ROYER,

        Defendant.
_____/

Case No. 24-12714
Hon. Jonathan J.C. Grey

## ORDER GRANTING CONSENTED PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANT JEFFREY A. ROYER

On October 15, 2024, Plaintiff Commodity Futures Trading Commission (the "Commission" or "CFTC") filed a complaint for injunctive and other equitable relief, restitution, and civil monetary penalties under the Commodity Exchange Act, against Defendant Jeffrey A. Royer, alleging that from at least 2019 to the present, Royer orchestrated a fraudulent scheme to solicit funds for the purpose of trading leveraged or margined retail commodity transactions, specifically foreign currency pairs, as well as assorted other commodities, through pooled and individual accounts. The complaint further alleged that Royer, while acting as an unregistered

commodity pool operator, made material misrepresentations and omissions to pool participants about, *e.g.*, profit potential, lack of risk, and how the funds would be used; likewise, he omitted mention of his prior criminal conviction for securities fraud. The complaint also alleged that Royer misappropriated customer funds, falsified account documents, and commingled pool participant funds with his own, while failing to operate the pool as a separate cognizable entity. (ECF No. 1.) Contemporaneously, the Commission filed an *ex parte* motion for a statutory restraining order and other equitable relief and a memorandum of points and authorities in support thereof. (ECF No. 4.)

On October 15, 2024, the Court held an *ex parte* hearing on the Commission's SRO Motion. The Court granted the Commission's SRO Motion, determining, among other things, that the Commission made a *prima facie* showing that Defendant violated numerous provisions of the Commodity Exchange Act ("Act"), including 7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(cc), 6b(a)(2)(A)-(C), 6m(1), 6*o*(1)(A)-(B), and 17 C.F.R. §§ 4.20(a)(1), (b), (c), 5.2(b)(1)-(3), 5.3(a)(2)(i) (2023) ("SRO"). (ECF No. 6.) The Court also found good cause to grant a restraining order

2

freezing Royer's assets and allowing inspection of Royer's records. The SRO further found that the Commission established good cause for issuing a preliminary injunction against Royer, and set a show cause hearing for October 23, 2024, at 4:00 p.m.

Royer, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Equitable Relief ("Order"), except as to jurisdiction and venue, which he admits, consents to the entry of this Order and states that his consent is entered voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce Royer to consent to this Order.

Royer consents to the entry of this Order and to the use of this Order in this proceeding and the parties agree that it has no collateral estoppel effect in any parallel state or federal criminal proceedings, *i.e.*, the entry of this Order is just for these proceedings and should not prejudice or impair Royer's constitutional civil rights in any parallel criminal proceeding.

3

**THE PARTIES AGREE AND THE COURT FINDS** that:

1. The Court possesses jurisdiction over the parties and over the subject matter of this action pursuant to 7 U.S.C. § 13a-1, which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies in this District, pursuant to 7 U.S.C. § 13a-1(e), in that Royer transacted business in this district, and the actions and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3. Royer acknowledges receipt of the summons, complaint, and all other filings and orders entered herein.

4. Royer waives the entry of findings of fact and conclusions of law in this action under Fed. R. Civ. P. 52(a)(2).

## I. DEFINITIONS

For the purposes of this Order, the following definitions apply:

5. The term "assets" encompasses any legal or equitable

interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all funds, wherever located, whether in the United States or outside the United States.

6. The term "records" encompasses "documents" and "electronically stored information" as those terms are used in Fed. R. Civ. P. 34(a), and includes, but is not limited to, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or other data compilations—stored in any medium from which information can be obtained or translated, if necessary, into reasonably usable form. The term "records" also refers to each and every such item in Defendant's actual or constructive possession, including but not limited to:

5

  (i) all such items within the custody or control of any agents, employers, employees, or partners of the Defendant and; and

  (ii) all items which Defendant has a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate item within the meaning of the term. A record also includes the file and folder tabs associated with each original and copy.

7. "Defendant" refers to Jeffrey A. Royer, and/or any person or entity who receives actual notice of this Order by personal service or otherwise insofar as he, she, or it is acting in concert or participation with Mr. Royer.

## II. Preliminary Injunctive Relief

8. Defendant and his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with him, including any successors thereof, who receive actual notice of this Order by personal service or otherwise, are preliminarily restrained and enjoined from directly or indirectly violating the Act and Commission Regulations as charged in the Complaint.

6

9. Defendant and his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with him, including any successors thereof, who receive actual notice of this Order by personal service or otherwise, are preliminarily restrained and enjoined from, directly or indirectly:

- a. trading on or subject to the rules of any registered entity (as that term is defined by 7 U.S.C. § 1a(40));
- b. entering into any transactions involving "commodity interests" (as that term is defined in Regulation 17 C.F.R. § 1.3 (2024)), for accounts held in the name of the Defendant or for accounts in which the Defendant has a direct or indirect interest;
- c. having any commodity interests traded on the Defendant's behalf;
- d. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;
- e. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling of any commodity interests;
- f. applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC except as provided for in Regulation 17 C.F.R. § 4.14(a)(9) (2024); and
- g. acting as a principal (as that term is defined in Regulation
- h. C.F.R. § 3.1(a) (2024)), agent, or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38) (2024)), registered, exempted from registration, or required to be registered with the

7

CFTC except as provided for in 17 C.F.R. § 4.14(a)(9).

10. Defendant is restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of, or subject to, access by the Defendant.

11. This Order shall apply to any assets derived from or otherwise related to the activities alleged in the Commission's complaint, regardless of when the asset was obtained. However, the assets affected by this Order shall not include assets obtained after the effective date of this Order, to the extent such assets are not derived from or otherwise related to the activities alleged in the Commission's complaint.

12. Any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of the Defendant, or has held, controlled, or maintained custody of any such account or asset of the Defendant at any time since January 1, 2019, who receives notice of this Order by personal service or otherwise, are hereby notified that this Order prohibits Defendant and all other persons from withdrawing, removing,

8

assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Defendant's assets, except as directed by further order of the Court; provided, however, nothing in this Order shall limit the discretion of any compliance official of any retail foreign exchange dealer or futures commission merchant with which Defendant maintains an account to liquidate, or close out, any and all open positions in any of the Defendant's accounts, in a prompt and orderly fashion to avoid losses due to the asset freeze required by this Order.

### III.  Maintenance Of and Access to Business Records

13.  Defendant and his agents, servants, employees, assigns, attorneys, and/or persons in active concert or participation with him, including any successors thereof, who receive actual notice of this Order by personal service or otherwise, are restrained from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Defendant. Representatives of the Commission shall be immediately allowed to inspect the books, records, and other

documents of Defendant and his agents, including, but not limited to, paper documents, electronically stored information (" ESI"), tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendant or others, and to copy said documents, data, and records, either on or off the premises where they may be situated.

14. Defendant shall, within twenty-four (24) hours of the service of this Order upon them, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all passwords for any encrypted ESI in the possession or control of the Defendant that relate to the business practices of Defendant or the business or personal finances of Defendant. Defendant shall, within twenty-four (24) hours of the service of this Order upon them, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all desktop computers, laptop computers, and/or other computers owned and/or used by Defendant in connection with Defendant's business. The schedules required by this section shall include at a minimum the make, model, and description of each, along with the location, the name of the person primarily assigned to

use the computer, and all passwords necessary to access and use the software contained on the computer. The Commission and/or its representative shall be authorized to make an electronic, digital, or hard copy of all of the data contained on the computer(s).

15. <u>Within five (5) days following the service of this Order</u>, Defendant shall provide the Commission immediate access to all records of Defendant held by financial institutions located within or outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order and submitting same to counsel for the Commission.

16. Defendant shall provide the Commission within ten (10) calendar days of the date of this Order, a complete and accurate accounting of all of Defendant's assets and liabilities from January 1, 2019 to the present, wherever located, together with all funds Defendant received from and paid to others in connection with futures, foreign currency, commodity interest transactions, or purported futures and any other trading, including equities and digital assets. Such accountings shall include, without limitation, the identification of:

11

a. all funds, securities, commodity interests, assets, and other property currently owned or controlled (legally, equitably, or otherwise) directly or indirectly by Defendant, whether individually or jointly, including accounts or assets of Defendant held by financial institutions located inside and outside the territorial United States;

b. all funds, securities, commodity interests, assets, and other property received directly or indirectly by Defendant, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of Defendant held by financial institutions located inside and outside the territorial United States;

c. all funds, securities, commodity interests, assets, and other property transferred or otherwise disposed of directly or indirectly by Defendant, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of Defendant held by financial institutions located inside and outside the territorial United States;

d. the names and last known addresses, phone numbers, and email addresses of each client of Defendant from January 1, 2019 to the present, including the dates of all funds transferred from clients to the Defendant or any other person or entity at the direction of the Defendant for the purpose of trading foreign currency or any other commodity, and any corresponding returns of funds to clients; and

e. the names and last known addresses of each bailee, debtor, or other person or entity currently holding any funds, securities, commodity interests, assets, or other property owned or controlled (legally, equitably or otherwise) by Defendant.

## IV. Reasonable and Necessary Living Expenses

17. The Court will entertain an application for reasonable and

necessary living expenses upon proper written submission by Defendant. A proper submission requires that Defendant file such application under oath with the Court and set forth in detail, fully substantiated by all relevant financial documentation, the amount of funds necessary to pay reasonable and necessary living expenses, a description of the expenses for which those funds are to be applied, a description of the assets sought to be used to pay such expenses, and a description of the derivation of such assets. Plaintiff may object or otherwise respond to such application.

## V. Restricted Business Activities and Employment

18. Defendant wishes to seek gainful employment to cover reasonable and necessary living expenses.

19. Only specific prospective earnings, bonuses, and/or other after- acquired income, salary, wages, commissions, dividends, draws, or other forms of compensation or passive income from any newfound employment or activity that does not arise out of or is related to a Restricted Activity, as hereafter defined ("New Income") will be excluded from the restraints imposed by the Order for the limited purpose of covering Defendant's agreed-to reasonable living

expenses and attorneys' fees pursuant to the process described in Section IV, *supra*, and subject to the restrictions in this Section.

20. Defendant agrees that he will not engage in any activity related to commodities, or derivatives, including but not limited to soliciting, receiving, or accepting any funds from any person or entity for the purpose of purchasing, selling, or otherwise investing in commodities, derivatives, virtual currency, binary options, or foreign currency (the "Restricted Activity") or receive any income, salary, wages, commissions, dividends, draws, or other forms of compensation or passive income from any person or entity engaged in said activities.

21. Within two days of entry of this Order or of securing any New Income in the future, Defendant shall provide the name and address of the employer, person, or entity, as well as the name of a contact person and telephone number from its personnel office to Plaintiff.

22. Within ten days of this Order, Defendant shall open a single new bank account in his name to deposit any New Income, and to withdraw such funds for reasonable and necessary living expenses

as ordered by the Court.

23. Any and all other bank accounts in the name of any Defendant shall remain subject to the terms of the Order that prohibits Defendant from transferring, removing, dissipating, or otherwise disposing of any asset.

## VI. Persons Bound by This Order

24. This Order is binding on any person who receives actual notice of this Order by personal service or otherwise and is acting in the capacity of an officer, agent, servant, employee, or attorney of Defendant, or is in active concert or participation with the Defendant.

## VII. Violations Of the Act and Regulations

25. Defendant, his officers, agents, servants, employees, successors, assigns, and/or attorneys, and all other persons in active concert or participation with Defendant who receive actual notice of this Order by personal service or otherwise, are hereby restrained, enjoined, and prohibited during the pendency of this action and until further order of the Court, from violating the Act and Commission Regulations as charged in the Complaint.

## VIII. Bond Not Required of Plaintiff

26. As Plaintiff Commission is an agency of the United States of America which has made a proper showing under 7 U.S.C. 13a-1(b), this injunction is granted without bond. Accordingly, the Commission need not post a bond.

## IX. Service Of Order

27. Copies of this Order may be served by any means, including electronic mail, facsimile transmission, and overnight delivery service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant, or that may be subject to any provision of this Order.

## X. Service On the Commission

28. Defendant shall comply with all electronic filing rules and requirements of the U.S. District Court for the Eastern District of Michigan and shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to James H. Holl, III, Kelly M. Folks, or Cara A. Gardner, Division of Enforcement, Commodity Futures Trading

Commission, 1155 21st Street, N.W., Washington, D.C. 20581, by electronic filing, e-mail, personal delivery, or courier service (such as Federal Express or United Parcel Service) and not by regular mail due to potential delay resulting from heightened security and decontamination procedures applicable to the Commission's regular mail.

## XI.  Force and Effect

29.  This Order shall remain in full force and effect until further order of the Court, and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action. Nothing herein shall prevent any party from seeking relief from or amendments to this Order.

**SO ORDERED**.

Dated: November 6, 2024

s/ **Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Consented to and approved by:

| | |
|---|---|
| Plaintiff Commodity Futures Trading Commission, | Defendant Jeffrey A. Royer, |

*[signature]*  *[signature]*

Dated: October 22, 2024

JAMES H. HOLL, III
Chief Trial Attorney
D.C. Bar No. 453473
202-418-5311
jholl@cftc.gov

Kelly M. Folks Trial Attorney
VA Bar No. 72124
202-418-5377
kfolks@cftc.gov

Cara A. Gardner Trial Attorney
D.C. Bar No. 1003793
202-418-5579
cgardner@cftc.gov

Commodity Futures Trading Commission
Division of Enforcement 1155 21st Street, NW,
Washington, D.C. 20581
Telephone: (202) 418-5000
Fax: (202) 418-5531

Dated: October 22, 2024

18

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 6, 2024.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager
